UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
MASSACHUSETTS SERVICE EMPLOYEES PENSION FUND,
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP AND SAFETY FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES FUND,

                                                          Civ. Act.: 19-cv-11343

                                    Plaintiff,

        -against-
                                                          COMPLAINT

FACILITIES SOURCE CORPORATION,

                                    Defendant.
---------------------------------------------------------------------------------X

      Building Service 32BJ Health Fund, Massachusetts Service Employees Pension Fund,

Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund, and Building

Service 32BJ Legal Services Fund (the "Funds"), as and for its Complaint against Facilities

Source Corp. ("Defendant") respectfully alleges as follows:

## NATURE OF ACTION

    1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145),

(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of

1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee

health fund, pension fund, training fund, and legal fund, for contractual and other equitable relief

under ERISA to secure performance by an employer of specific statutory and contractual

obligations to pay the required monetary contributions to the Funds by electronic transfer, as per

the contractual and statutory requirements, and to remit required employee information in to the

Fund's electronic Employer Self-Service System ("ESS"). This Complaint alleges that by failing,

refusing or neglecting to pay and submit the required monetary contributions and upload the

1

required information when due as per the Fund's rules and regulations, Defendant violated its collective bargaining agreement (the "Agreement"), the Funds' Declaration of Trust, and ERISA. Defendant is further in violation of ERISA, the Agreement, Funds' Declaration of Trust and the Funds' rules and regulations for failing to cooperate with a payroll compliance audit initiated to confirm the accuracy of Defendant's self-reported employee information.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under the following statutes:

        (a)    Section 502(e)(1) and (f) of ERISA (29 U.S.C.  § 1132(e)(1) and (f);

        (b)    Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

        (c)    28 U.S.C. Section 1331 (federal question); and

        (d)    28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.      Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)).  Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4.      The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and  multi-employer plans within the meaning of

Sections 3(37) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health, pension, training, and legal benefits to those employees eligible to receive them. The Funds maintain their office and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.        The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6.        Upon information and belief, at all times material hereto Facilities Source Corp., Inc. was and continues to be a Massachusetts for profit corporation having a principal place of business at 17 McClellan Highway, Boston, MA 02128, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.        Upon information and belief, at all times relevant  Defendant was party to a series of collective bargaining agreements  (the "Agreement") with the Union. As part of the Agreements, Defendant agreed to make benefit contributions to the Funds on behalf of employees covered by the Agreement, and to follow the Funds' Declarations of Trust and

collections policies. The Agreement, Funds' Declarations of Trust and Funds' Collections Policy require that employers also upload employee information into ESS, and then make the payments associated with this employee information. Employer self-reporting is the only way that the Funds are able to determine what contributions are owed, and for whom. To confirm the accuracy of this self-reporting, Defendant is also required by the aforementioned documents to cooperate in payroll compliance audits undertaken to confirm the accuracy of this self-reporting.

**AS AND FOR A FIRST CLAIM FOR INJUNCTIVE RELIEF**
**(FUND'S CLAIM FOR BREACH OF ERISA)**

8.      The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 7 of this Complaint, as if fully set forth herein.

9.      Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

10.      The Agreements, Funds' Declarations of Trust, and Funds' Collections Policies mandate that Defendant report the hours worked of each covered employee into the Funds' Electronic Self-Service System ("ESS"). This is the sole method for the Funds to determine what contributions are owed, and for whom.

11.      In violation of the Agreements, Declarations, and Collections Policies, Defendant has failed to upload the hours for covered employees, for the time period May 1, 2019 through the present,  rendering the Funds unable to provide  benefits for Defendants' covered employees, or collect employee benefit contributions based on these reports.

12.      Upon information and belief,  Defendant has failed to upload its employees' hours because it wishes to shirk its obligations under the Agreements and avoid liability for the unpaid employee benefit contributions that will become evident once these reports are submitted.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## (FUND'S CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

13.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 12 of this Complaint as if set forth fully therein.

14.     Defendant is obligated, pursuant to the terms of the Agreement, Funds' Declaration of Trust and Funds' Collection Policy, to permit and cooperate in the conducting of audits of the books and records of Defendant by the Funds. If employers do not cooperate, the Funds are entitled to, *inter alia*, audit fees should litigation prove necessary to compel compliance.

15.     The Funds' Auditing Firm commenced an audit for the time period of January 1, 2017 through the present.

16.     At all times material herein, Defendant has failed and refused to cooperate with the audit of its books and records.

17.     The failure, refusal or neglect of Defendant to comply with the aforementioned audit constitutes a violation of the Agreement between Defendant and the Union, the Funds' Declarations of Trust and Funds' Collections Policies.

18.     Accordingly, pursuant to the terms and conditions of the Agreement, the Funds demand an Order directing Defendant to permit and cooperate with the Funds and/or its designated representatives in the conduct of the aforesaid audit of Defendant's books and records.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## (FUND'S CLAIM FOR BREACH OF ERISA)

19.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 18 of this Complaint as if set forth fully therein.

5

20.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements. The Agreements, Declarations of Trust and Funds' Collections Policies require Defendant to comply with payroll compliance audits.

21.     The Funds' Auditing Firm commenced an audit for the time period of January 1, 2017 through the present.

22.     At all times material herein, Defendant has failed and refused to cooperate with the audit of its books and records.

23.     Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an employer violation of 29 U.S.C. § 1145, the Court shall award to Plaintiffs, *inter alia*, relief that includes an Order requiring that Defendant comply with a payroll compliance audits, together with reasonable attorneys' fees and costs and distributions incurred in the action.

WHEREFORE, plaintiff Fund demands judgment:

a.   against Defendant for payment of all contributions which become due during the pendency of this action in accordance with ERISA  § 502(g)(2) and the Agreement,

b.   for an Order compelling Defendant to upload its missing employee hours into the Fund's electronic system, and to pay the associated contributions owed, plus interest, statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement.

c.   for an Order requiring Defendant to permit and cooperate in the conduct of an audit by the Funds' auditor of the books and records of the Defendant, for the period January 1, 2017 through the present, and to pay the associated contributions owed, plus interest, audit fees,

6

statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance

with E.R.I.S.A. § 502(g)(2) and the Agreement.

        g.   for such other and further relief as the Court deems just and proper.

Dated:    Fort Lee, New Jersey
             December 11, 2019

                                    RAAB, STURM & GANCHROW, LLP

                                    By:

                                    Samuel R. Bloom (SB1988)
                                    Attorneys for Plaintiff Fund
                                    2125 Center Avenue
                                    Suite 100
                                    Fort Lee, New Jersey
                                    (Tel) 201-292-0150
                                    (Fax) 201-292-0152