UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BUILDING SERVICE 32BJ HEALTH FUND, et al.,

                            Plaintiffs,                    19-cv-11343 (PKC)

        -against-                          ORDER

FACILITIES SOURCE CORPORATION,

                            Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court entered default judgment in favor of plaintiffs on April 22, 2020. The Judgment expressly directed that defendant Facilities Source Corporation ("FSC") make available for inspection certain payroll records within 30 days of the entry of Judgment. (Docket # 21.) It directed FSC to upload to plaintiffs Employer Self-Service System specific categories of employee information, including records related to payroll, taxation and dates of employment. (Id.)

        On July 30, 2020, plaintiffs filed a motion for a finding of civil contempt and sanctions against FSC, asserting that it had failed to produce those payroll records and that sanctions are warranted in order to compel compliance. (Docket # 24.) In support of the motion, plaintiffs have submitted an affirmation from Tom Ormsby, director of billing and employer services for the plaintiff funds, dated July 30, 2020. (Docket # 25-3.) He states that since the entry of final judgment, FSC has not produced any employee information, thus leaving the plaintiffs unable to provide benefits to employees covered by the funds' plans. (Ormsby Aff. ¶¶ 3-4.) Michael Fox, an auditor retained by plaintiffs, also states that FSC has not produced the

documents, as directed by the Judgment.  (Fox Aff't ¶¶ 2-3.)  Plaintiffs also have attached a letter and e-mails sent to FSC on or around July 13, 2020, stating their intention to move for sanctions in the event that FSC did not produce the documents as ordered.  (Docket # 25-1, 25-2.)

Plaintiffs seek a finding of civil contempt and monetary sanctions of $100 per day against FSC until it fully satisfies the production obligations.  They also seek an award of reasonable attorneys' fees in an unspecified amount.

Defendant has not responded to the motion to hold it in civil contempt of Court, despite the passage of over three months.

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'"  Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)).  "The primary purpose of the imposition of a sanction for civil contempt is to coerce the contemnor into future compliance and to remedy past non-compliance, rather than to punish him."  In re Dickinson, 763 F.2d 84, 87 (2d Cir. 1985).  "Upon finding that a party is in civil contempt, [courts] retain[ ] 'broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions.'"  CBS Broadcasting Inc. v. FilmOn.com, Inc., 2014 WL 3702568, at *3 (S.D.N.Y. July 24, 2014) (quoting City of New York v. Venkataram, 2012 WL 2921876, at *3 (S.D.N.Y. July 18, 2012)).

The Court finds that plaintiffs' unopposed motion demonstrates by clear and convincing evidence that FSC has not complied with the clear and unambiguous terms of the Judgment.  This finding is based on the Ormsby Affirmation and the Fox Affidavit.  FSC has not

appeared in this action or responded to the plaintiffs' motion.  Its non-compliance dates back to the entry of Judgment on April 22, 2020.  Based on the showing made by plaintiffs, the Court finds that FSC has not diligently attempted to comply in a reasonable manner.

Plaintiffs seek a sanction in the amount of $100 per day, urging that such a sanction is likely to incentivize FSC to comply with the requirements of the Judgment.  The Court finds that this amount is reasonable, and is a figure that is appropriately tailored to bring FSC into compliance with the Judgment.  Monetary sanctions shall begin to accrue as of the date of this Order.

Plaintiffs' application for an attorneys' fees award is denied.  Plaintiffs have not proposed the amount of any such award or documented any fees that they incurred in connection with this motion or any other effort to bring FSC into compliance with the Judgment.

CONCLUSION.

Plaintiffs' motion is GRANTED.  The Court finds FSC to be in civil contempt.  Commencing with the date of this Order, FSC shall pay a daily fine of $100 to plaintiffs until FSC complies with the terms of the Judgment.  Plaintiffs' application for attorneys' fees is denied.  The Clerk is directed to terminate the motion.  (Docket # 24.)

SO ORDERED.

P. Kevin Castel  
United States District Judge

Dated: New York, New York  
         November 12, 2020