UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BUILDING SERVICE 32BJ HEALTH FUND, et al.,

                        Plaintiffs,                      19-cv-11343 (PKC)

    -against-

                                                    ORDER ON SANCTIONS

FACILITIES SOURCE CORPORATION,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiffs are multi-employer funds that invest and distribute employer contributions for employee health, pension and legal benefits. Default judgment was entered in favor of plaintiffs on April 22, 2020. The Judgment stated in part: "**IT IS HEREBY ADJUDGED** that [FSC] . . . shall, within thirty (30) days of this Judgment, deliver [plaintiffs] the following documents . . . ." (Docket # 21.) The Judgment identified categories of documents to be delivered to plaintiffs, and separately directed that "Defendant shall upload all missing employee information, for the period May 1, 2019 through the date of this Judgment, in the Funds' Employer Self-Service System ("ESS")." (Id.) It also awarded plaintiffs $2,500 in attorneys' fees and costs. (Id.)

        On November 12, 2020, the Court found defendant Facilities Source Corporation ("FSC") in civil contempt based on its failure to comply with the production obligations set forth in the Judgment. (Docket # 27.) The Court ordered FSC to pay monetary sanctions in the amount of $100 a day "until FSC complies with the terms of the Judgment." (Docket # 27.)

On July 23, 2021, plaintiffs moved for a further finding of contempt against FSC and a finding of contempt against Tony Portillo, the president of FSC and a non-party to this action. (Docket # 29.) Plaintiffs assert that FSC has yet to provide any of the documents and information required by the Judgment. Plaintiffs seek a sanction of $5,000 a day against FSC and $100 a day against Portillo.

The motion is denied without prejudice. Plaintiffs have not demonstrated that the motion was properly served upon either FSC or Portillo. "Due process requires that before being held in contempt, a party must have notice that it is a defendant in a contempt hearing." Drywall Tapers & Pointers of Greater New York, Loc. 1974 of I.B.P.A.T. AFL-CIO v. Loc. 530 of Operative Plasterers & Cement Masons Int'l Ass'n, 889 F.2d 389, 394 (2d Cir. 1989). Local Civil Rule 83.6 provides that "[a] proceeding to adjudicate a person in civil contempt . . . shall be commenced by the service of a notice of motion or an order to show cause." If the alleged contemnor has not appeared, "service shall be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." Id.

"[C]ourts in the Second Circuit and in New York have held that a corporation is sufficiently served where an employee of the corporation with apparent authority to accept service did so, so long as the process server diligently attempted to comply with the rules of service and the manner of service gave the corporation fair notice of the lawsuit." Labarbera v. Giacomelli Tile, Inc., 2009 WL 1269741, at *1 (E.D.N.Y. May 6, 2009); see also Dezonie v. Asset Prot. & Sec., Inc., 2009 WL 1873527, at *4 (S.D.N.Y. June 30, 2009) (same); Rule 4(h), Fed. R. Civ. P.; CPLR 311(a)(1). The law in Massachusetts, where FSC is located, is similar. Rule 4(d)(2), Mass. R. Civ. P. (service upon a corporation may be effected through delivery "to

an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any . . . .").

Service on an individual may be effected through service on them personally or through an agent authorized by appointment or law to receive service. Rule 4(e)(2), Fed. R. Civ. P.; Rule 4(d)(1), Mass. R. Civ. P.; CPLR 308(1). Service also may be effected by delivering the summons to a person of suitable age and discretion at the individual's actual place of business. CPLR 308(2).

An affidavit of service filed by plaintiffs states that the motion was served by hand on "ANDREA MORA, SECRETARY. AS AUTHORIZED TO ACCEPT SERVICE." (Docket # 31.)[1] The affidavit of service states as follows:

> Andrea Mora stated that the Facilities Source Corporation had moved to the second floor, however I noticed there was an office next to hers that had Tony Portillos name on the door. I could not find anything relating to Facilities Source Corporation on the second floor other than a mailbox with Jose E Portillo / Stars Maintenance Inc.
>
> After I was unable to find anything on the second floor I went back to the original office and she agreed to accept service stating she would give it to Maria who was in charge. She also stated she was new and did not know exactly where they had moved to on the second floor.

(Id.) The affidavit of service does not demonstrate that Andrea Mora had apparent authority to accept service on FSC's behalf. The affidavit of service does not identify Mora as an employee of FSC. It appears that Mora was uncertain where FSC's offices were located within the building, which suggests that she had no affiliation with FSC. The affidavit of service therefore does not demonstrate that Mora had apparent authority to accept service on behalf of FSC or was

---

[1] Service of the initial complaint and of plaintiffs' contempt motion of 2020 was made by hand to Tony Portillo. (Docket # 6, 26.)

- 4 -

otherwise authorized to accept service on its behalf.  <u>Labarbera</u>, 2009 WL 1269741, at *1; CPLR 311(a)(1); Rule 4(h), Fed. R. Civ. P.; Rule 4(d)(2), Mass. R. Civ. P.

To the extent that plaintiffs seek a finding of civil contempt against Tony Portillo, plaintiffs have not made a showing that they attempted to effect service upon him individually.  <u>See</u> Rule 4(e), Fed. R. Civ. P.; CPLR 308; Rule 4(d)(1), Mass. R. Civ. P.

Plaintiffs' motion for a finding of civil contempt is therefore DENIED without prejudice.  (Docket # 29.)  The Clerk is directed to terminate the motion.  The Court will issue an Order to Show Cause as to why FSC and Portillo ought not be held in contempt.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 30, 2021